Ernest Turner v. Commissioner.
Turner v. Commissioner
Docket No. 22218.
United States Tax Court
1950 Tax Ct. Memo LEXIS 83; 9 T.C.M. (CCH) 883; T.C.M. (RIA) 50236; October 10, 1950
*83 D. H. Oliver, Esq., for the petitioner. T. M. Mather, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined deficiencies in petitioner's income tax for the years 1945, 1946 and 1947 in the respective amounts of $98, $176.90 and $166. [The Facts] Petitioner is a Pullman porter based at Salt Lake City, who filed his income tax return in the district of Utah. His runs took him to Denver, Spokane, Oakland, Los Angeles and other cities. In the taxable years, while away from home, he incurred unreimbursed expenses for meals and lodgings in the respective amounts of $589.68. $931.03 and $1,162.40. He reported as income from tips $120 in 1945 and $190 in 1947. The reason advanced for not reporting any tips in 1946 was that the entire year's tips which he had accumulated and kept in a container at his home were stolen from him during a party which occurred near Christmas 1946. Petitioner estimates the container to have contained between $90 and $100. Respondent deducted the amount of tips reported from the amount of expenses claimed and disallowed expenses as follows: for 1945, $469.68, for 1946, $931.03 and for 1947, *84 $972.40, stating in explanation as follows: "Away from home expenses. Recent surveys are that gratuities and tips received by persons in your type of employment are ample to take care of any necessary away from home expenses incurred by you." During the taxable years the petitioner kept a penciled record of tips received and expenses paid out which was used in preparing his returns. After such use the record was destroyed. Such a record for the first half of the year 1950 was introduced in evidence as typical of the taxable years. [Opinion] The procedure used by the respondent in determining the deficiencies here involved does not commend itself to us as being either fair or even approximately accurate in the present case. It is unfair and inaccurate in that there is no logical relation between tips received and expenses incurred, nor is there any evidence that the one will equal and offset the other. Tips are variable and depend largely on the number and temper of the persons served. Expenses are reasonably constant. The price of board and lodging is fairly certain and in this case in no way depends on the number of persons served by petitioner or traveling by Pullman. *85 Tips are income ( , affirmed ), while proper expenses are allowable as deductions. The respondent did not disallow any expenses as being unreasonable in amount, nor as not being actually incurred, nor again, as not substantiated. In effect, he said "Admitting that you had these expenses you received an equal amount in tips which you did not report. The one offsets the other and accordingly you get no deductions for away from home expenses." Even if the taxable income and expenses were equal and in practical effect offset each other, the procedure is illogical and unscientific resting wholly on assumed coincidences. No testimony was presented as to the alleged survey of this "type of employment." The testimony reveals that in this case tips did not equal the expenses. A supporting fact in this connection is that petitioner worked many runs in which large numbers of military personnel were carried, on which the tips were consequently small. We conclude on the record that as to the years 1945 and 1947, petitioner properly reported his tips and incurred the expenses claimed. Respondent erred in disallowing *86 such expenses. As to 1946, petitioner received tips which he did not report. For this year, we find that petitioner should have reported as tips the amount of $100. Such sum will be added to income. The expenses claimed are substantiated by the record and are deductible. The facts developed as to the loss of the tips received in 1946 stand uncontradicted and the petitioner is entitled to a deduction for the loss. Decision will be entered under Rule 50.